**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANDREW M. EADS**
Lux & Lux, P.A.
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHAD JEREMY ORME, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1105-CR-233 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable David N. Riggins, Judge
Cause No. 73D02-0807-CM-900

**April 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Chad Orme appeals the revocation of his probation and the sentence imposed pursuant to the revocation. We reverse.

## Issue

Orme raises two issues. We address the dispositive issue, which is whether Orme knowingly, intelligently, and voluntarily waived his right to counsel.

## Facts

On February 19, 2010, Orme was convicted of Class A misdemeanor domestic battery and sentenced to 365 days. The trial court ordered Orme to serve ninety days, with the remainder of the sentence suspended to probation. On February 14, 2011, a petition to revoke Orme's probation was filed. The petition alleged that Orme failed to report to probation as ordered by the court, failed to attend with the non-violent alternatives course, and failed to pay fees associated with the case.

Orme appeared at the March 14, 2011 initial hearing without counsel, and the trial court informed him, "You have the right to be represented by an attorney. If you can't afford an attorney the court will appoint one for you." Tr. p. 6. The trial court also informed him of his right to confront and cross-examine witnesses, his right to testify on his own behalf, and the State's burden of proof. When asked if Orme understood his rights, he responded, "Yes, Your Honor." Id. Orme denied the allegations, and the trial court set the matter for a fact-finding hearing.

On April 11, 2011, a fact-finding hearing was held. Orme was not represented by counsel, and the trial court informed him, "if you'd want a lawyer you could have one

here with you. You don't have one today and this was explained to you before. It's the day of the hearing, you know, and we're gonna go ahead and proceed with it." Id. at 17. When asked if he understood all of his rights, Orme stated, "Yeah, I didn't understand exactly the dates on the trial date though. I had talked to Mr. Good and he had asked me to see if I could possibly get some of my bond money so I could take care of some fees and get him in here to represent me." Id. The trial court explained that at the March 14, 2011 hearing, the fact-finding hearing was set for April 11, 2011, and that "[t]o the extent that's a motion to continue I'm gonna deny it." Id. at 18.

At the fact-finding hearing, Orme's probation officer testified that Orme had not reported to probation since June 18, 2010, and that he had failed to complete a non-violent alternatives course. At the conclusion of the hearing, the trial court revoked Orme's probation and ordered him to serve the remainder of his suspended sentence. Orme now appeals.

**Analysis**

Orme argues that the trial court failed to properly advise him of his right to counsel and to establish that he knowingly, voluntarily, and intelligently waived his right to counsel. A defendant is entitled to certain due process protections before the revocation of his or her probation. Butler v. State, 951 N.E.2d 255, 259 (Ind. Ct. App. 2011); see also Ind. Code §35-38-2-3(e) (explaining that a probationer is entitled to confrontation, cross-examination, and representation by counsel). When a defendant proceeds without the benefit of counsel, the record must reflect that he or she knowingly, intelligently, and voluntarily waived the right to counsel. Butler, 951 N.E.2d at 259.

3

"That is, the trial court must determine the defendant's competency to represent himself and establish a record of the waiver." Id. There are no magic words a judge must utter to ensure a defendant adequately appreciates the nature of the situation. Id. Determining if a defendant's waiver was knowing and intelligent depends on the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. Id. We review de novo a trial court's finding regarding the waiver of the right to counsel. Id. at 260.

Here, although the trial court advised Orme of his right to counsel at the initial hearing, the record does not demonstrate that he knowingly, intelligently, and voluntarily waived that right. There was no questioning by the trial court judge regarding whether Orme would be hiring counsel or whether he wanted a court-appointed attorney. Further, there is no indication in the record that Orme, notwithstanding his right to counsel, wanted to proceed pro se. In fact, at the fact-finding hearing, after the trial court re-advised him of his right to counsel, Orme indicated that he had discussed representation with someone we presume is an attorney but had not finalized any arrangements because of confusion over the date of the hearing and Orme's financial circumstances. If anything, this shows that Orme did not intend to waive his right to counsel and proceed pro se.

Although the record indicates Orme appeared without counsel in the domestic battery proceeding and has at least five other convictions, we are not convinced that Orme's familiarity with the criminal justice system alone is sufficient to establish that the waiver of his right to counsel was knowing, intelligent, and voluntary. We are aware that

4

an experienced defendant like Orme may very well have "played" the criminal justice system; nevertheless, the record here is bereft of any indication that he wished to proceed pro se in this matter. Under these circumstances, the record does not show that Orme knowingly, intelligently, and voluntarily waived his right to counsel.

## Conclusion

The record does not establish that Orme knowingly, intelligently, and voluntarily waived his right to counsel. We reverse.

Reversed.

KIRSCH, J., and BRADFORD, J., concur.